

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-2006

# USA v. Felix

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4378

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Felix" (2006). *2006 Decisions.* Paper 715.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/715

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 04-4378

———

UNITED STATES OF AMERICA

v.

NARCISCO FELIX,
                                        Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 94-cr-00647-6)
District Judge: Hon. John C. Lifland

———

Submitted Under Third Circuit LAR 34.1(a)
July 14, 2006

Before: SLOVITER, McKEE and RENDELL, Circuit Judges

(Filed: July 24, 2006)

———

OPINION

SLOVITER, Circuit Judge.

In 1998, the United States District Court for the District of New Jersey sentenced Narcisco Felix to sixty-five months of imprisonment and five years of supervised release following Felix's plea of guilty to one count of conspiracy to possess with intent to distribute 250 kilograms of cocaine. The sentence reflected a departure, based on the government's substantial assistance motion, below the statutory minimum of ten years in prison.

Felix completed the custodial portion of his sentence on October 1, 2002. Unfortunately, he returned to his old habits, and on January 8, 2004, he pled guilty in the United States District Court for the Middle District of Florida to conspiracy to possess with intent to distribute five kilograms or more of cocaine and one kilogram or more of heroin. On May 20, 2004, the Florida District Court sentenced Felix to forty-six months in prison and five years of supervised release. The Florida sentence reflected a downward departure on the term of imprisonment because of Felix's substantial assistance.

At or about the same time, the New Jersey District Court was concerned with Felix's violation of the terms of his supervised release on the earlier crime. On November 4, 2004, that court held a hearing at which Felix conceded that he had violated the terms of his supervised release, as reflected by his Florida conviction. Although U.S.S.G. § 7B1.4 suggested a range of twenty-four to thirty months in prison for the violation, the government argued for a term of sixty months, given that Felix's original custodial sentence of sixty-five months was the result of a downward departure. The

2

District Court revoked the previously imposed term of supervised release, exercised its discretion, and sentenced Felix to sixty months in prison to be served consecutively to any previously imposed state or federal sentence.  Felix timely filed this appeal.[1]

Felix's counsel has filed a brief and motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967).  Under Anders, if, after review of the record and a conscientious investigation, counsel is convinced that the appeal presents no issue of arguable merit, counsel may properly ask to withdraw while filing a brief referring to anything in the record that might arguably support the appeal.  See id. at 741-42, 744.  To satisfy the Anders requirements, counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and then "explain why the issues are frivolous."  United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000) (citation omitted).  Although Felix was advised of his right to file a pro se brief in this court, he has not done so.

We agree with counsel's assessment that there are no non-frivolous issues for appeal.  Felix conceded that he violated his supervised release by committing the Florida offense – a Grade A violation that necessitated the revocation of his supervised release.  See U.S.S.G. §§ 7B1.1(a)(1), 7B1.3(a)(1).

Felix had a Criminal History Category of I, which with a Grade A violation

---

[1]We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).  See United States v. Cooper, 437 F.3d 324, 328 (3d Cir. 2006).

indicated a sentencing range of twenty-four to thirty months in prison. See U.S.S.G. § 7B1.4. However, "[w]here the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance) . . . an upward departure may be warranted." Id. at Application Note 4. The statutory maximum for Felix's violation was sixty months in prison. See 18 U.S.C. § 3583(e)(3).

The District Court exercised its discretion and imposed a sentence of sixty months. The Court noted that Felix received a reduction of fifty-five months on his original sentence and a seventy-four month reduction on his Florida sentence based on departures for substantial assistance. The District Court also observed that Felix had displayed recidivist behavior in committing a similar drug offense shortly after his release from confinement. While Felix sought leniency based on the birth of a child and his relationship with a woman, the District Court noted that neither of those factors had any impact in the first instance in preventing Felix from engaging in criminal conduct. The Court also found that Felix remains a danger to the community.

The applicable guideline provision, § 7B1.4(a), reflects a mere policy statement and has never been considered mandatory in imposing sentence for a supervised release violation. See United States v. Schwegel, 126 F.3d 551, 555 (3d Cir. 1997) (per curiam) (holding that "the district court was not required to sentence [the defendant] to a sentence within the range set out in U.S.S.G. § 7B1.4"). Of course, under United States v. Booker, 543 U.S. 220 (2005), which was decided after Felix was sentenced, the Guidelines in

4

their entirety are now considered advisory. <u>Booker</u>, however, worked no material change with respect to Felix's sentencing, as the District Court did not impose sentence under a mandatory regime.

Prior to <u>Booker</u>, this court applied an abuse of discretion standard in review of a decision to exceed the range suggested by § 7B1.4(a), <u>see</u> <u>Schwegel</u>, 126 F.3d at 555, asking whether the sentence was "'plainly unreasonable.'" <u>United States v. Blackston</u>, 940 F.2d 877, 894 (3d Cir. 1991) (quoting 18 U.S.C. § 3742(e)(4)). Arguably, review of such a sentence post-<u>Booker</u> should be for mere "reasonableness." We need not decide here which standard applies, as Felix's sentence is supportable even under a review for reasonableness.

A district court must consider the advisory sentencing range under § 7B1.4(a) and "state on the record its *general* reasons under section 3553(a) . . . for imposing a more stringent sentence." <u>Blackston</u>, 940 F.2d at 894. "[T]here is no requirement that the district court make specific findings with respect to each of the section 3553(a) factors that it considered." <u>Id.</u> at 893-94. The district court simply must give meaningful consideration to the § 3553(a) factors and address any argument raised by a party that has recognized legal merit. <u>United States v. Cooper</u>, 437 F.3d 324, 329 (3d Cir. 2006).

The District Court explained, consistent with Application Note 4, that a sentence above the suggested range was warranted because Felix's original sentence (in addition to his subsequent Florida sentence) was the result of a significant downward departure for

5

substantial assistance. The District Court expressly considered Felix's request for leniency, but found that request outweighed by Felix's quick lapse into recidivism, his danger to the community, and the seriousness of the Florida drug conviction that constituted the violation of supervised release. On this record, any challenge to the reasonableness of the sentence imposed must fail.

For the reasons stated, we will grant counsel's motion to withdraw and affirm the District Court's judgment. The issues presented in the appeal lack legal merit and do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b).

_____